IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**DAVID GARNER and**                                                                 **PLAINTIFFS**
**JENNIFER GARNER**

VS.                  **CASE NO. 4:11-CV-0274-BSM**

**CITIMORTGAGE, INC.;**
**SAFEGUARD PROPERTIES, INC.;**
**EXPERIAN INFORMATION SOLUTIONS, INC.;**
**EQUIFAX INFORMATION SERVICES, LLC;**
**and TRANS UNION, LLC**                                    **DEFENDANTS**

## PLAINTIFF'S RESPONSE TO REQUESTS FOR ADMISSION PROPOUNDED BY DEFENDANT CITIMORTGAGE, INC.

Come now Separate Plaintiffs, David Garner and Jennifer Garner ("Plaintiffs"), by and through their attorneys, Keech Law Firm, PA, and for their Response to Request for Admissions, alleges and states as follows:

REQUEST FOR ADMISSION 1: Admit that a check drawn by Plaintiff Jennifer Garner, identified as check no. 2573, dated 6/17/10, in the amount of $9,000.00, was submitted to Defendant as a payment to be applied as a payment on CitiMortgage account ******1341 (which account is referenced at paragraph 11 of Plaintiffs' Complaint).

**RESPONSE:  Plaintiffs admit the allegations contained in Request for Admission No. 1.**

REQUEST FOR ADMISSION 2: Admit that a true and correct copy of the check described above in Request for Admission is attached hereto as Exhibit A.

**RESPONSE:  Plaintiffs admit the allegations contained in Request for Admission No. 2.**

REQUEST FOR ADMISSION 3:   Admit that the check referenced above in Request for Admission 1 and attached hereto as Exhibit A was dishonored by the banking institution upon which it was drawn.

**RESPONSE:  Plaintiffs admit the allegations contained in Request for Admission No. 3.**

REQUEST FOR ADMISSION 4:   Admit that, because the check referenced above in Request for Admission 1 and attached hereto as Exhibit A states on its face "Check maximum is $1,450," the banking institution upon which it was drawn was under no obligation to honor the check.

**RESPONSE:  Plaintiffs admit the allegations contained in Request for Admission No. 4.**

REQUEST FOR ADMISSION 5:   Admit that you did not intend to submit a check that would be dishonored.

**RESPONSE:  Plaintiffs admit the allegations contained in Request for Admission No. 5.**

REQUEST FOR ADMISSION 6:   Admit that, because the check was dishonored, your debt owed to Defendant was never fully paid and a balance is still owing on the account.

**RESPONSE: Plaintiffs deny the allegations contained in Request for Admission No. 6.**

REQUEST FOR ADMISSION 7:   Admit that Defendant did not receive funds from any other source to cover this dishonored check.

**RESPONSE: Plaintiffs deny the allegations contained in Request for Admission No. 7.**

REQUEST FOR ADMISSION 8: Admit that the release attached to Plaintiffs' Complaint as Exhibit D was filed in error by Defendant.

**RESPONSE: Plaintiffs deny the allegations contained in Request for Admission No. 8.**

Dated: January 9, 2012.

Respectfully submitted,

KEECH LAW FIRM, PA
4800 West Commercial Drive
North Little Rock, AR  72116
501.221.3200 (telephone)
501.221.3201 (fax)

By: _____
Kevin P. Keech (Ark. Bar No. 98147)
kkeech@keechlawfirm.com

*Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent via U.S. Mail on the 9th day of January, 2012, to the following:

Angela M. Martin
H. Keith Morrison
WILSON & ASSOCIATES, PLLC
1882 North Starr Drive
Fayetteville, AR  72701
amartin@wilson-assoc.com
kmorrison@wilson-assoc.com
*Counsel for CitiMortgage, Inc.
And Safeguard Properties, Inc.*

E.B. Chiles, IV
QUATTLEBAUM GROOMS TULL & BURROW
111 Center Street, Ste 1900
Little Rock, AR  72201
cchiles@qgtb.com
*Counsel for Experian*

_____
Kevin P. Keech