IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID GARNER and
JENNIFER GARNER                                                              PLAINTIFFS

VS.                              CASE NO. 4:11-CV-274-BSM

CITIMORTGAGE, INC.;
SAFEGUARD PROPERTIES, INC.;
EXPERIAN INFORMATION SOLUTIONS, INC.;
EQUIFAX INFORMATION SERVICES, LLC;
and TRANS UNION, LLC                                                         DEFENDANTS

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Comes now Defendant CitiMortgage, Inc. ("CitiMortgage"), by and through its attorneys, Wilson & Associates, P.L.L.C., and submits the following Statement of Undisputed Material Facts in connection with its Motion for Summary Judgment:

1. This action relates to a mortgage loan made from CitiMortgage to plaintiff David Garner ("Mr. Garner") secured by certain real property located at 6 Somerset, North Little Rock, Arkansas 72116 (the "Property").

2. The mortgage at issue was executed by Mr. Garner on April 10, 2003; was recorded in the real estate records of Pulaski County, Arkansas on April 25, 2003, as Instrument No. 2003038532; and it secured payment of a promissory note in the original principal amount of $31,200.00.

3. Mr. Garner was required to make monthly installment payments of principal and interest under the terms of the note and mortgage.

4. In 2010, Plaintiffs attempted to make a series of early payments on the indebtedness owing under the note and mortgage. A payment in the amount of $9,000.00 was

made by CapitalOne check no. 49972, dated June 2, 2010; a payment in the amount of $1,800.00 was made by U.S. Bank check no. 5327, dated June 17, 2010; and a payment in the amount of $2,000.00 was made by U.S. Bank check no. 5461, dated July 3, 2010. *See* Plaintiffs' Complaint, Exhibits A-1 through A-3.

5.    In addition, Plaintiffs attempted to make another payment of $9,000.00 by remitting Chase BankCard check no. 2573, dated June 17, 2010. *See* Exhibit A to CitiMortgage's Motion for Summary Judgment.

6.    Check no. 2573 was dishonored when presented for payment. *See* Affidavit of John M. Linnenbrink, Exhibit B to CitiMortgage's Motion for Summary Judgment.

7.    The dishonor of check no. 2573 prevented the loan from being paid in full as Plaintiffs had intended. *See* Affidavit of John M. Linnenbrink, Exhibit B to CitiMortgage's Motion for Summary Judgment.

8.    Because the sum total of the above checks appeared to be enough to pay off the remaining indebtedness owed in connection with the mortgage account, CitiMortgage sent correspondence to Mr. Garner dated July 12, 2010 stating that the indebtedness owing on the mortgage account had been paid in full. The letter also stated, "This payoff is conditional upon the clearing of all funds through the banking system. If any funds are returned, your mortgage loan may be reactivated and your lien release may be held." *See* Plaintiffs' Complaint, Exhibit B.

9.    CitiMortgage also issued a refund of funds remaining in escrow in the amount of $594.08 to Mr. Garner by check 113199434 dated July 13, 2010. *See* Plaintiffs' Complaint, Exhibit C.

10. On September 3, 2010, CitiMortgage erroneously released the mortgage on the Property. *See* Plaintiffs' Complaint, Exhibit D.

11. CitiMortgage communicated to Mr. Garner that a balance remained on the mortgage account, and Plaintiffs submitted additional payments—U.S. Bank check no. 5160, dated August 12, 2010, in the amount of $4,003.65; and U.S. Bank check no. 5172, dated September 1, 2010, in the amount of $1,382.99—but never enough to fully pay the indebtedness owed under the mortgage account. *See* Plaintiffs' Complaint, Exhibits E-1 & E-2.

12. Furthermore, Mr. Garner stopped making the required monthly installment payments as they became due. *See* Affidavit of John M. Linnenbrink, Exhibit B to CitiMortgage's Motion for Summary Judgment.

13. As of March 13, 2012, the principal balance of $3,460.78 is still owing on the indebtedness. *See* Affidavit of John M. Linnenbrink, Exhibit B to CitiMortgage's Motion for Summary Judgment.

14. CitiMortgage eventually reported Mr. Garner's delinquency on the mortgage account to the credit bureaus.

15. Mr. Garner apparently believed the information reported by CitiMortgage to be erroneous, and retained counsel to investigate.

16. Mr. Garner, through counsel, sent correspondence to CitiMortgage asserting that overpayment had been made in the amount of $5,386.64 and demanding repayment of the same, along with "$1,000.00 for anxiety and emotional distress plus $1,500.00 attorneys' fees Mr. Garner has incurred to date." *See* Correspondence dated December 27, 2010, attached to Plaintiffs' Complaint as Exhibit H, at p. 2.

17. This letter of December 27, 2010 relates the series of payments made on the account during June and July of 2010, but makes no mention of dishonored check no. 2573.

18. Although Plaintiff Jennifer Garner ("Mrs. Garner") was authorized to speak with representatives of CitiMortgage concerning Mr. Garner's mortgage account, the account was not in her name, and she has no personal liability on the account.

19. Under the terms of the mortgage, CitiMortgage reserved the right to take certain measures to protect the Property if circumstances so warranted.

20. Plaintiffs do not use the Property as their residence; instead, Mr. Garner leases it out as a rental property. *See* Complaint, ¶ 11, at p. 2.

21. CitiMortgage employed defendant Safeguard Properties, LLC to check on the status of the Property from time to time. Because it appeared that the Property was vacant (and had been for quite some time), CitiMortgage directed Safeguard to take measures to secure the Property, including the installation of padlocks.

Respectfully submitted,

_____
H. Keith Morrison (Ark. Bar No. 84210)
Wilson & Associates, PLLC
1882 N. Starr Drive
Fayetteville, AR 72701
(479) 521-5820
(479) 521-5543 Fax
kmorrison@wilson-assoc.com
Attorneys for CitiMortgage, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via U.S. Mail on the 14th day of March, 2012, to the following:

Kevin P. Keech
Keech Law Firm, PA
4800 West Commercial Drive
North Little Rock, AR  72116
kkeech@keechlawfirm.com
rhampton@keechlawfirm.com

E.B. Chiles IV
Quattlebaum, Grooms, Tull & Burrow, PLLC
111 Center Street, Suite 1900
Little Rock, AR  72201
cchiles@qgtb.com

_____
H. Keith Morrison