IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID GARNER and
JENNIFER GARNER                                                              PLAINTIFFS

VS.                            CASE NO. 4:11-CV-274-BSM

CITIMORTGAGE, INC.;
SAFEGUARD PROPERTIES, INC.;
EXPERIAN INFORMATION SOLUTIONS, INC.;
EQUIFAX INFORMATION SERVICES, LLC;
and TRANS UNION, LLC                                                         DEFENDANTS

DEFENDANT CITIMORTGAGE, INC.'S
BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Comes now Defendant CitiMortgage, Inc. ("CitiMortgage"), by and through its attorneys, Wilson & Associates, P.L.L.C., and submits the following Brief in Support of its Motion for Summary Judgment.

I. INTRODUCTION

This action relates to a mortgage loan made from CitiMortgage to plaintiff David Garner ("Mr. Garner") secured by certain real property located at 6 Somerset, North Little Rock, Arkansas 72116 (the "Property"). The mortgage at issue was executed by Mr. Garner on April 10, 2003; was recorded in the real estate records of Pulaski County, Arkansas on April 25, 2003, as Instrument No. 2003038532; and it secured payment of a promissory note in the original principal amount of $31,200.00. Mr. Garner was required to make monthly installment payments of principal and interest under the terms of the note and mortgage.

In 2010, Plaintiffs attempted to make a series of early payments on the indebtedness owing under the note and mortgage. A payment in the amount of $9,000.00 was made by CapitalOne check no. 49972, dated June 2, 2010; a payment in the amount of $1,800.00 was

made by U.S. Bank check no. 5327, dated June 17, 2010; and a payment in the amount of $2,000.00 was made by U.S. Bank check no. 5461, dated July 3, 2010. In addition, Plaintiffs attempted to make another payment of $9,000.00 by remitting Chase BankCard check no. 2573, dated June 17, 2010. Check no. 2573, however, was dishonored when presented for payment. The dishonor of this $9,000.00 check prevented the loan from being paid in full as Plaintiffs had intended.

Because the sum total of the above checks appeared to be enough to pay off the remaining indebtedness owed in connection with the mortgage account, CitiMortgage sent correspondence to Mr. Garner dated July 12, 2010 stating that the indebtedness owing on the mortgage account had been paid in full. The letter also stated, "This payoff is conditional upon the clearing of all funds through the banking system. If any funds are returned, your mortgage loan may be reactivated and your lien release may be held." CitiMortgage also issued a refund of funds remaining in escrow in the amount of $594.08 to Mr. Garner by check 113199434 dated July 13, 2010. On September 3, 2010, CitiMortgage erroneously released the mortgage on the Property.

Although there was a certain amount of confusion caused by the dishonored check, CitiMortgage communicated to Mr. Garner that a balance remained on the mortgage account. Plaintiffs submitted additional payments—U.S. Bank check no. 5160, dated August 12, 2010, in the amount of $4,003.65; and U.S. Bank check no. 5172, dated September 1, 2010, in the amount of $1,382.99—but never enough to fully pay the indebtedness owed under the mortgage account. Furthermore, Mr. Garner stopped making the required monthly installment payments as they became due. To date, $3,460.78 is still owing on the indebtedness, with interest continuing to accrue.

CitiMortgage eventually reported Mr. Garner's delinquency on the mortgage account to the credit bureaus. Mr. Garner apparently believed the information reported by CitiMortgage to be erroneous, and retained counsel to investigate. Mr. Garner, through counsel, sent correspondence to CitiMortgage asserting that overpayment had been made in the amount of $5,386.64 and demanding repayment of the same, along with "$1,000.00 for anxiety and emotional distress plus $1,500.00 attorneys' fees Mr. Garner has incurred to date." *See* Correspondence dated December 27, 2010, attached to Complaint as Exhibit H, at p. 2. This letter relates the series of payments made on the account during June and July of 2010, but makes no mention of dishonored check no. 2573. If this returned $9,000.00 check had been taken into account, it would have been apparent that no overpayment had occurred and that a balance was still owed on the account.

Plaintiffs have attempted to assert several causes of action against CitiMortgage relating to their failed attempt to pay off the mortgage account. Plaintiffs allege violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"); the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"); and the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101 *et seq.*; (the "ADTPA"). Plaintiffs have also attempted to state causes of action for forcible entry, conversion, fraud, and breach of contract. For the reasons set forth below, CitiMortgage is entitled to summary judgment on all counts set forth in Plaintiffs' Complaint.

## II. LAW AND ARGUMENT

### A.   Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

When considering a summary judgment motion, the Court must view the evidence in the light most favorable to the nonmoving party. *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 445 (8th Cir. 2008). "Once the moving party demonstrates that the record does not disclose a genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial." *Valor Healthcare, Inc. v. Pinkerton*, 620 F. Supp. 2d 974, 977 (W.D. Ark. 2009).

### B.    Jennifer Garner Lacks Standing

As a preliminary matter, CitiMortgage is entitled to summary judgment against plaintiff Jennifer Garner as to all counts of the Complaint. Although Mrs. Garner was apparently authorized to speak with representatives of CitiMortgage concerning Mr. Garner's mortgage account, the account was not in her name. As there was no privity of contract between CitiMortgage and Mrs. Garner, CitiMortgage owed no duty toward Mrs. Garner with regard to the mortgage account. Mrs. Garner has no personal liability on the account, and her credit has not been affected by Mr. Garner's delinquency. Mrs. Garner does not even appear to be a record owner of title to the Property. Consequently, Mrs. Garner can show no damage from the events at issue in this case. It is apparent that Mr. Garner is the real party in interest in this case, and that Mrs. Garner lacks standing to assert any claim against CitiMortgage. Accordingly, summary judgment is appropriate in favor of all counts as to Mrs. Garner; alternatively, Mrs. Garner should be dismissed as a party to this action.

### C.    Count I—The FCRA Claim

In Count I of the Complaint, Plaintiffs allege that CitiMortgage provided inaccurate information to consumer reporting agencies while knowing, or having reasonable cause to know,

that the information was incorrect, and that CitiMortgage failed to conduct a reasonable investigation of the dispute. In order for a claim to be stated under the FCRA against CitiMortgage, inaccurate information must be reported to a consumer reporting agency. 15 U.S.C. § 1681s-2(a). As explained above, because check no. 2573 was dishonored, a balance remained on Mr. Garner's mortgage account. Additionally, Mr. Garner stopped making the required monthly payments owing in connection with the still-active mortgage account beginning in the month of July 2010. As of December 1, 2010, the mortgage account was, in fact, over 120 days past due. Accordingly, when CitiMortgage reported this information to the credit bureaus, it was reporting accurate information; when Mr. Garner disputed that he owed any money at all on the mortgage account, CitiMortgage's investigation confirmed the accuracy of the information that it had reported. Because the information reported to the credit bureaus was accurate, and because CitiMortgage's investigation did not reveal any inaccurate information, CitiMortgage cannot be found liable to Mr. Garner under the FCRA. CitiMortgage is therefore entitled to judgment as a matter of law on Count I of Plaintiffs' Complaint.

### D.     Count II—The Forcible Entry Claim

At Paragraph 40 of the Complaint, Plaintiffs aver that "the Mortgage Account had been paid in full and released, and Defendant CitiMortgage therefore no longer held any interest in the Property." Again, the Complaint is in error in stating that the mortgage account had been paid in full—CitiMortgage did not receive the $9,000.00 in funds from check no. 2573, and there was (and still is) a balance remaining on the account. Although CitiMortgage did erroneously record a release of the mortgage in the wake of the confusion caused by the dishonor of check no. 2573, it did not thereby forfeit its security interest in the Property. Under the terms of the mortgage,

CitiMortgage reserved the right to take certain measures to protect the Property if circumstances so warranted.

It is undisputed that Plaintiffs do not use the Property as their residence; instead, Mr. Garner leases it out as a rental property. *See* Complaint, ¶ 11, at p. 2. CitiMortgage employed defendant Safeguard Properties, LLC to check on the status of the Property from time to time. Because it appeared that the Property was vacant (and had been for quite some time), CitiMortgage directed Safeguard to take measures to secure the Property, including the installation of padlocks. Mr. Garner claims that these measures were taken in violation of Ark. Code Ann. § 18-60-301, *et seq.*, concerning forcible entry and detainer.

The Arkansas courts have recognized that the forcible entry statutes were enacted "to prevent landlords from retaking their land by force." *Gorman v. Ratliff*, 289 Ark. 332, 337, 712 S.W.2d 888, 890 (1986). Such statutes "are designed to compel the party out of actual possession to respect the present possession of the other party and resort to legal channels to obtain possession." *Id.* at 337, 712 S.W.2d at 890. If a landlord has a holdover tenant, the forcible entry statutes prevent him from changing the locks or utilizing other self-help methods to effect an eviction of that tenant.

CitiMortgage's actions with regard to the Property do not constitute a forcible entry prohibited by the Arkansas statutes. First, CitiMortgage is not a landlord, but rather a mortgagee, and the forcible entry statutes were not designed to apply to mortgagees. Second, and more importantly, CitiMortgage's actions were not intended to evict or otherwise deprive Mr. Garner of possession of the premises. From Safeguard's inspections of the Property, it became apparent that no one was in actual possession of the premises for a considerable length

of time, and it appeared that the Property was going unmaintained.[1] The purpose of the installation of the padlocks was merely to protect what appeared to be abandoned property, not to put CitiMortgage in actual possession of the Property. Furthermore, the parties agreed under the mortgage that CitiMortgage could take such measures if it deemed them necessary. CitiMortgage did not commit a forcible entry, and it is entitled to summary judgment on Count II of Plaintiffs' Complaint.

Furthermore, Mr. Garner can show no actual damages resulting from the measures taken to secure the Property. Plaintiffs have alleged no actual, physical damage to the Property or any improvements thereon. Upon request by Mr. Garner, the locks were promptly removed—they remained in place for only a few days. Mr. Garner was not deprived of possession of the Property in any meaningful way for any meaningful period of time. Summary judgment on this claim is appropriate.

### E. Count III—The RESPA Claim

Plaintiffs claim that Mr. Garner sent a Qualified Written Request to CitiMortgage on December 27, 2010, and that CitiMortgage failed to respond to the request in accordance with the requirements of 12 U.S.C. § 2605(e). Specifically, Plaintiffs claim that "Defendant CitiMortgage did not make any appropriate corrections in the Mortgage Account, has not credited any late charges or penalties to the Mortgage Account, and has not transmitted notification to Mr. Garner of any such corrections." *See* Complaint, ¶ 48, at p. 10. As explained in detail above, there were no corrections to be made with regard to Mr. Garner's mortgage account. Although Mr. Garner allegedly believed that the mortgage account had been paid in full, the dishonor of check no. 2573 and Mr. Garner's failure to make the required monthly

---

[1] Plaintiffs admit that the Property was unoccupied at the time Safeguard installed the padlocks to secure it. *See* Complaint, ¶ 43, at pp. 8-9.

payments meant that a balance still remained—along with fees and interest that continued to accrue. Plaintiffs admit that CitiMortgage notified Mr. Garner in a letter dated February 25, 2011 of the fact that a balance was still owing on the mortgage account. CitiMortgage therefore fulfilled its obligation under 12 U.S.C. § 2605(e)(2) to provide Mr. Garner with a written explanation of the reasons it believed his account to be correct within sixty (60) days of his request. Because CitiMortgage in fact complied with the requirements of 12 U.S.C. § 2605(e), it is entitled to judgment as a matter of law on Plaintiffs' RESPA claim.

Even if it is shown that CitiMortgage somehow failed to properly respond to Mr. Garner's request under 12 U.S.C. § 2605, Plaintiffs can show no actual damages resulting therefrom. Again, there were no errors to be corrected on Mr. Garner's mortgage account. Despite Mr. Garner's apparent belief to the contrary, a balance remained on the account, and he failed to make the payments required under the terms of the mortgage and note. Although 12 U.S.C. § 2605(f)(1) allows for an award of damages in an amount not to exceed $1,000.00, it does so only "in the case of a pattern or practice of noncompliance with the requirements of this section"—and Plaintiffs have alleged no facts indicating a pattern or practice of noncompliance on the part of CitiMortgage. For these reasons, CitiMortgage is entitled to summary judgment on Count III of the Complaint.

### F. Count IV—The Conversion Claim

In Count IV of their Complaint, Plaintiffs attempt to state two different claims against CitiMortgage for conversion: the first relating to the padlocking of the Property by Safeguard, and the second relating the holding the alleged overpayments made on the mortgage account.

These claims are easily dismissed. First, because this matter involves real property and not personal property, a claim for conversion cannot be stated against CitiMortgage. It is well-

settled that conversion is an intentional tort involving the unauthorized exercise of dominion or control over *goods or chattels* belonging to another. *See* Black's Law Dictionary (5th ed.), at p. 300; Restatement (Second) of Torts, § 222A(1). Accordingly, a claim for conversion can only arise out of an interference with personal property, not real property.

Second, as fully explained above, there was no overpayment by Mr. Garner. To date, there is still a balance owing on the mortgage account. Because CitiMortgage has not wrongfully exercised dominion or control over funds or other personal property belonging to Mr. Garner, his claim for conversion must fail. CitiMortgage is entitled to summary judgment on Count IV of the Complaint.

### G. Count V—The ADTPA Claim

Plaintiffs allege that CitiMortgage has violated the Arkansas Deceptive Trade Practices Act—specifically Ark. Code Ann. § 4-88-107(a)(10), which prohibits the use of any unconscionable, false, or deceptive act in business, trade, or commerce. Plaintiffs allege that CitiMortgage first "caus[ed] the Plaintiffs to believe that the Mortgage Account had been paid in full, then induc[ed] the Plaintiffs to make overpayments on the Mortgage Account, then claim[ed] the Mortgage Account was unpaid . . . ." *See* Complaint, ¶ 59, at p. 12. CitiMortgage did send a letter to Mr. Garner indicating that the mortgage account had been paid in full after Plaintiffs remitted several checks that appeared to be sufficient to pay off the account; however, this correspondence clearly stated, "This payoff is conditional upon the clearing of all funds through the banking system. If any funds are returned, your mortgage loan may be reactivated and your lien release may be held." Because one of these checks was dishonored and the $9,000.00 in funds did not clear through the banking system, the mortgage account was never paid off, and there was nothing fraudulent, untruthful, or otherwise wrongful about CitiMortgage

communicating this fact to Mr. Garner. Furthermore, additional payments made by Mr. Garner cannot be considered overpayments. CitiMortgage's actions cannot be considered to be unconscionable, false, or deceptive, and it is entitled to summary judgment on Count V of the Complaint.

### H. Count VI—The Fraud Claim

Plaintiffs attempt to state a claim against CitiMortgage for fraud in Count VI of the Complaint. The first element of a claim for fraud is a false representation of a material fact; if there is no false representation, there is no fraud. *See, e.g., Tyson Foods, Inc. v. Davis*, 347 Ark. 566, 66 S.W.3d 568 (2002). Plaintiffs claim that CitiMortgage falsely represented that the mortgage account "remained unpaid and past due, despite the fact that Defendant CitiMortgage had released the Plaintiffs from any further liability on the Mortgage Account due to full payment." *See* Complaint, ¶ 63(a), at p. 13. As has been thoroughly discussed above, this representation was not false. The mortgage account was never paid in full, and a balance is currently owing on the account. The only reason CitiMortgage ever represented to Mr. Garner that the account had been fully paid was in response to the series of checks remitted by Plaintiffs; because check no. 2573 did not clear the banking system, the mortgage account was never actually paid off. Because there was no false representation of material fact, Plaintiffs' claim for fraud must fail, and CitiMortgage is entitled to summary judgment on Count VI of the Complaint.

### I. Count VII—The Breach of Contract Claim

Plaintiffs also contend that CitiMortgage's actions in "declaring the Mortgage Account paid in full and releasing the mortgage, but later demanding further payment on the Mortgage Account and placing derogatory information in Mr. Garner's credit report" constitute a breach of

its contractual duty to act in good faith toward Mr. Garner. *See* Complaint, ¶ 66, at p. 14. When examining the actual facts, it is apparent that CitiMortgage acted in good faith and did not breach any contractual duty to Mr. Garner. The only reason CitiMortgage declared that the mortgage account to be fully paid was because it did not yet know that check no. 2573 was going to bounce. CitiMortgage was perfectly within its contractual rights to demand payment on the mortgage account after the check was dishonored and Mr. Garner failed to make the required monthly payments owed in connection with the account. The derogatory information reported to the credit bureaus concerning Mr. Garner's delinquency was true, and CitiMortgage breached no duty to Mr. Garner by reporting it. CitiMortgage is entitled to judgment as a matter of law on Count VII of the Complaint.

### J.     Count VIII—Request for Injunctive Relief

At Count VIII of the Complaint, Plaintiffs request injunctive relief. Specifically, they request that "any and all derogatory information regarding the Mortgage Account" be removed from Mr. Garner's credit report. *See* Complaint, ¶ 71, at p. 15. However, because the derogatory information reported concerning the mortgage account was true, Mr. Garner is not entitled to have it removed from his credit report. CitiMortgage is also entitled to summary judgment on Count VIII of the Complaint.

### III. CONCLUSION

It is apparent from a review of Plaintiffs' Complaint that it was drafted without consideration or understanding of the fact that one of the checks remitted by Plaintiffs in the attempt to pay off the mortgage account in June of 2010 was dishonored. Because CitiMortgage never received the $9,000.00 in funds from this check, a considerable balance actually remained owing on the mortgage account. As noted above, it is apparent that there was confusion on the

part of all parties—as CitiMortgage sent the letter indicating that the account had been paid off and mistakenly recorded a release of the mortgage, and the Garners maintain that they believed the account had been paid in full—but this confusion was caused by the remittance of a bad check by or on behalf of Mr. Garner, and not by any act of CitiMortgage. Now that the actual situation has been clarified, Plaintiffs' Complaint completely falls apart—there was no false representation, no fraud, no conversion, no breach of contractual duties, and no violation of statute.

In addition, it is obvious that Jennifer Garner has no standing to assert any claim against CitiMortgage relating to the mortgage account, as she is not named on the account, has no contractual relationship with CitiMortgage, does not appear to own any interest in the Property, and has consequently suffered no damages. CitiMortgage is entitled to an order dismissing Jennifer Garner as a party in this action, and granting it judgment as a matter of law on all counts of the Complaint.

                                                                             Respectfully submitted,

                                                                             */s/ H. Keith Morrison*

H. Keith Morrison (Ark. Bar No. 84210)
Wilson & Associates, PLLC
1882 N. Starr Drive
Fayetteville, AR 72701
(479) 521-5820
(479) 521-5543 Fax
kmorrison@wilson-assoc.com
Attorneys for CitiMortgage, Inc.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via U.S. Mail on the 14th day of March, 2012, to the following:

Kevin P. Keech
Keech Law Firm, PA
4800 West Commercial Drive
North Little Rock, AR 72116
kkeech@keechlawfirm.com
rhampton@keechlawfirm.com

E.B. Chiles IV
Quattlebaum, Grooms, Tull & Burrow, PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201
cchiles@qgtb.com

H. Keith Morrison